UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID M. FULKERSON, | Civil Action No. 24-8178 (MCA) |
| Petitioner, | |
| v. | MEMORANDUM & ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

*Pro se* Petitioner David M. Fulkerson has filed an Amended Motion pursuant 28 U.S.C. § 2255[1] and a motion for counsel under the Criminal Justice Act, 18 U.S.C.§ 3006A. (ECF Nos. 5, 6.)

The Amended Motion raises claims of ineffective assistance against his plea counsel. (ECF No. 5.) The Court has screened the Amended Motion for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2255 Cases in the United States District Court and concluded that it does not "plainly appear[] from the Motion, any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief . . . ." At this time, the Court directs Respondent to answer the Amended Motion within 45 days.

The Court denies <u>without prejudice</u> Fulkerson's motion for counsel under the CJA, 18 U.S.C.§ 3006A. (ECF No. 6.) There is no constitutional right to counsel in a federal habeas corpus proceeding. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Reese v. Fulcomer*, 946 F.2d

---

[1] Fulkerson filed his initial motion on July 30, 2024. (ECF No. 1.) The Court administratively terminated this case and provided him with the required notice pursuant to *United States v. Miller*, 197 F.3d 644, 652 (3d Cir. 1999). (ECF No. 4.) Fulkerson filed his Amended Motion on March 11, 2025. (ECF No. 5.)

247, 263 (3d Cir. 1991), *cert. denied*, 503 U.S. 988 (1992), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d). Under the Rules Governing § 2255 cases, a district court must appoint counsel only if necessary for effective discovery or if an evidentiary hearing is required. *See* Rule 6(a) of the Rules Governing § 2255 Cases; Rule 8(c) of the Rules Governing § 2255 Cases; 18 U.S.C. § 3006A(a)(2)(B). Otherwise, a court may appoint counsel to represent a habeas petitioner if it "determines that the interests of justice so require," and that the petitioner is financially unable to obtain adequate representation. *See* 18 U.S.C. § 3006A(a)(2). *See also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *Thompson v. D'Ilio*, No. 13-6282, 2018 WL 6182431, at *2 (D.N.J. Nov. 27, 2018).

Here, Fulkerson contends that counsel should be appointed under the CJA because he has a conflict of interest with the Federal Public Defender's Office. He has not sufficiently addressed whether his claims require discovery or an evidentiary hearing, or whether the interests of justice require appointment of counsel. In addition, he has not sufficiently shown that he is unable to afford counsel. The Court denies without prejudice the motion for counsel at this time. If Fulkerson reapplies for counsel, he should submit a detailed affidavit explaining why he is unable to afford private counsel and should also address whether the factors listed above require the appointment of counsel.

**IT IS, THEREFORE,** on this ____ day of September 2025;

**ORDERED** that the Clerk shall mark this case as OPEN; it is further

**ORDERED** that Respondent shall file a full and complete answer to the Amended Motion within 45 days of the entry of this Order; it is further

**ORDERED** that Respondent shall raise by way of its answer any appropriate defenses that it wishes to have the Court consider, including, with respect to the asserted defenses, relevant legal

2

arguments with citations to appropriate legal authority; it is further

**ORDERED** that the answer shall be accompanied by certified copies of all notices, opinions, documents, transcripts or recordings of any proceedings, including all documentation that may be material to the questions raised in the Amended Motion; however, in lieu of providing certified copies, Respondent may cite to the criminal docket by referencing the ECF docket entry number and the page; it is further

**ORDERED** that Fulkerson may file and serve a reply in support of the Amended Motion within 45 days after the answer is filed; it is further

**ORDERED** that Fulkerson's motion for CJA counsel (ECF No. 6) is DENIED WITHOUT PREJUDICE for the reasons stated in this Memorandum & Order; if Fulkerson reapplies for counsel, he should submit a detailed affidavit explaining why he is unable to afford private counsel, and should also address whether the factors listed above require the appointment of counsel; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Fulkerson at the address on file.

Madeline Cox Arleo, District Judge
United States District Court